United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT GENE WILL, II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 15-CV-3474 |
| | § | |
| ERIC GUERRERO, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Robert Gene Will, II, seeks federal habeas relief from his Texas capital conviction and death sentence. On April 3, 2024, the Court entered a Memorandum and Order finding that Will is entitled to *de novo* review of his claim that the State has withheld evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Docket Entry No. 94. The Court also ordered Will to file any "motion for discovery or evidentiary hearing which lists, with specificity, what material he wishes to discover and what testimony he seeks to present in any evidentiary hearing." Docket Entry No. 94 at 25-26. Will filed a discovery motion which provided detailed information about what he wished to develop in support of his *Brady* claim. Docket Entry No. 95. The Court subsequently granted Will's motion for discovery. Docket Entry No. 108. The Court also ordered the production of certain documents for *in camera* review. Respondent Eric Guerrero has filed two motions relating to discovery in this case.

1

First, Respondent has moved for reconsideration. Docket Entry No. 109. Respondent argues (1) the Court improvidently issued "a blanket grant of discovery not related to the authorized claims" and (2) the discovery order improperly required *in camera* review of material "solely possessed by a non-party"—the Harris County District Attorney's Office ("HCDAO")—which "should be sought through a Rule 45 subpoena." Docket Entry No. 109 at 1. Second, Respondent has filed a Motion to Stay Order for Disclosure of Documents for In Camera Review. Docket Entry No. 110. Respondent objects that he cannot turn over the documents within the 45 days required by the court order. Will opposes both motions.

**I.    Good Cause for Discovery**

After reviewing the discovery request, the record, and the law, the Court has found that good cause exists for discovery on the *Brady* claim which has been approved for successive federal habeas review. Respondent's motion for reconsideration does not entirely dispute this Court's finding of good cause, but instead objects to a "blanket grant of all Will's discovery requests" because they "have no relation to the authorized claims." Docket Entry No. 109 at 4.

Will has vigorously attempted to develop his *Brady* claim for years but has been frustrated by the State's reluctance to turn over material, particularly that which it has withheld in a work product folder. The State has not provided a viable excuse for not previously giving that information to Will. The newly divulged material suggests the need for additional inquiry into Will's *Brady* claim.

2

After reviewing Will's *Brady* claim, the record, and the law, the Court has found that discovery should proceed.

Under Rule 6 of the Rules Governing § 2254 Cases, a court "may limit the extent of discovery." To be sure, a habeas petitioner is not entitled to conduct a discovery "fishing expedition." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "The district court, however, has broad discretion in the type and extent of discovery it permits." *Pace v. Cirrus Design Corporation*, 93 F.4th 879, 902 (5th Cir. 2024). Given Will's specific *Brady* claim and the circumstances of this case, the Court finds that it is appropriate to give some latitude in Will's ability to conduct discovery. The Court has reviewed Respondent's arguments for reconsideration and again finds that good cause exists. The Court will deny Respondent's motion for reconsideration.

## II.     Production of *In Camera* Documents and Stay

Respondent objects to the grant of *in camera* review because "the Director of TDCJ is a different entity from HCDAO" and "their materials should be made through a third-party subpoena." Docket Entry No. 109 at 3. Accordingly, Respondent argues that the Court should stay the order for the disclosure of documents which is due by March 3, 2025.

The State of Texas is the sovereign which prosecuted Will. Respondent is correct that the Texas Attorney General's office is a different entity within the state government than the HCDAO. In one context, the Fifth Circuit has recognized that the Texas Department of Corrections, the entity who employs

3

Respondent Guerrero, is not "part of a prosecution team" such that constructive knowledge in its possession cannot be imputed to the prosecutors. *Fierro v. Johnson*, 197 F.3d 147, 156 (5th. Cir. 1999). Yet as "[t]he state prosecuting attorney," *Ex parte Taylor,* 36 S. W.3d 883, 887 (Tex. Crim. App. 2001), the Attorney General is "the proper official to speak for the State" in federal habeas corpus.

It has been the Court's experience that an order such as the one entered in this case has previously been sufficient to produce material held by the HCDAO. *See Prible v. Thaler*, 4:09-cv-1896 (S.D. Tex.), Docket Entry No. 123 at 7. Without deciding whether Respondent represents the State of Texas in a manner which should require the production of the material, the Court notes that Will has said that he has "served a Rule 45 subpoena duces tecum to the [HCDAO] requesting the work product documents that the Court has ordered produced for *in camera* review." Docket Entry No. 112 at 5. Under the federal rules, HCDAO must serve any objections within 14 days of the subpoena's service. Fed. R. Civ. Pro. R. 45(d)(2)(B). The time for HCDAO to make any objection is within the timeframe set out in the Court's earlier order. Production of the material for *in camera* review without any objection would moot Respondent's motion to stay. The Court, therefore, will deny Respondent's without prejudice. Respondent may reurge the motion should the circumstances so warrant.

### III. Conclusion

For the reasons discussed above, the Court **DENIES** Respondent's motion for reconsideration. Docket Entry No. 109. The Court also **DENIES** Respondent's Motion to Stay Order for Disclosure of Documents for In Camera Review **WITHOUT PREJUDICE**. Docket Entry No. 110.

This case has been pending on the Court's active docket for many years. The parties will proceed in a manner which advances toward substantive review of Will's *Brady* claim in an expeditious manner. With that in mind, the Court **ORDERS** that within **thirty (30)** days the parties will submit a joint proposed discovery schedule.

With discovery ongoing, there is no need for this habeas case to remain open. The Court will administratively close this action until necessary to place it back on the active docket. The Court, therefore, **ADMINISTRATIVELY CLOSES** this case during discovery. The Court will reopen the case as circumstances so warrant.

It is so **ORDERED**.

**SIGNED** at Houston, Texas, on this 18th day of February, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5